UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICTOR WADE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5698** |
| **MARLIN GUSMAN, ET AL** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.   Factual Summary

The plaintiff, Victor Wade, filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, the State of Louisiana, Orleans Parish Police Jury, an unidentified insurance company, and other parties. At the time of the filing of the complaint, Wade was incarcerated in Allen Correctional Facility in Kinder, Louisiana.

Wade alleges that he was incarcerated in a cell in the Templeman Jail, Phase I, within the Orleans Parish Prison system at the time of the events that form the basis of this lawsuit. Specifically, Wade seeks monetary damages for the alleged untimely evacuation and unsafe

conditions of confinement as a result of Sheriff Gusman's negligence during Hurricane Katrina. He also seeks to bring a claim against the American Civil Liberties Union for not representing him in this matter even though they had allegedly agreed to represent him.

## II.     Procedural Background

On December 20, 2006, this Court set a Spears Hearing for April 3, 2007. (*See* Rec. Doc. No. 13). On March 14, 2007, this hearing was reset for April 24, 2007. (*See* Rec. Doc. No. 18). Both of these orders, sent to the address provided by Wade, were returned as undeliverable. (*See* Rec. Doc. No. 16, 19).

A member of the Court's staff contacted Allen Correctional Facility to determine whether another address was available. Allen Correctional Facility advised that Wade was sent to the West Baton Rouge Work Release Facility where he was released to the streets with no forwarding address. There is no evidence in the record that Wade has updated his address.

## III.    Analysis

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *See* Fed. R. Civ. P 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The Clerk of Court sent copies of the Court's Orders to Wade at the only address provided to the Court. Wade was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page six of his complaint where he signed the Plaintiff's Declaration on August 23, 2006. The Local Rules of this Court also require that a plaintiff provide the Court with a current address or face dismissal of the case. *See* L.R. 41.3.1E. Wade has not notified the Court of an appropriate address or any means of contacting him since he was released from Allen Correctional. Accordingly, dismissal of Wade's § 1983 complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

## IV. Recommendation

It is therefore **RECOMMENDED** that Wade's Title 42 U.S.C. § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___30th___ day of _____April_____, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3